DECISION
The plaintiff, Paul Sullivan, claims that a constructive trust be imposed against the defendants, William and Sherry Connor, to require the conveyance of real property located at 11 Chartier Circle, Newport, R.L Prior to November 2, 1995, said property had been owned for a number of years by the plaintiff The plaintiff and defendant William Connor had been close personal friends for a number of years as well. On November 2, after a series of financial difficulties encountered by the plaintiff, the subject property was foreclosed upon and was purchased at sale by the defendants, allegedly to be held in: trust for later reconveyance to the plaintiff. The deed given subsequent to foreclosure originally contained only defendant William Connor's name, but was later corrected to include the names of both named defendants as tenants by the entirety.
A constructive trust may arise out of a relationship imposed by law as a remedy to redress a wrong or to prevent an unjust enrichment where the property was obtained by fraud, in violation of a fiduciary relationship, or by testamentary or intestate passing with a promise to hold in trust. Desnoyers v. Metropolitan Life Insurance Co., 108 R.I. 100 (1971). The plaintiff relies on the allegations that the trust should be imposed because he was defrauded and/or the victim of defendants' breach of a fiduciary relationship. The burden of proof with respect to a constructive trust is by clear and convincing evidence. Clarke v. Bowles, 623 A.2d 27, 29 (R.I. 1993). Therefore, the plaintiff must establish by clear and convincing evidence that the defendants committed such a fraud and/or breached such a fiduciary duty. To meet this burden the plaintiff must persuade the trier of fact, the court, that the proposition that he advances is highly probable that it is true. The court must believe that the evidence in support of plaintiff's claim is so direct and convincing that the court would not hesitate to find the facts to be true.
The plaintiff has not met this burden of proof. The record lacks sufficient evidence to allow the court to conclude that the defendants defrauded him or that a trust should otherwise be imposed to prevent the defendants from being unjustly enriched to the detriment of the plaintiff. There was not a clear declaration of trust nor persuasive evidence to suggest that an agreement had been reached by the parties as to the terms and conditions of a trust. If any such terms of repurchase were established, they were possibly established after the sale. In fact, the plaintiff's testimony supports this possibility; i.e. on cross examination plaintiff acknowledged that any discussion with defendant regarding the purchase price of the property and the closing date were after the foreclosure sale. That agreement is at best a parole agreement after said sale and is not the type of alleged fraud as to remove this case from the requirements of the statute of frauds, thereby allowing the court pursuant to equity to impose a constructive trust. Moreover, assuming that an oral agreement was made subsequent to the foreclosure that the defendants would sell the property back to the plaintiff within two years, the plaintiff through his own testimony acknowledges that he was unable to meet those terms within that time frame. Furthermore, there is insufficient evidence from which the court could infer that the defendant Sherry Connor was a party to any such agreement. While it is likely true that the defendants never discussed with plaintiff their intention of using the property for retirement and/or investment purposes as they suggest they intended to do, there is insufficient evidence that they in fact purchased it to hold in trust for eventual resale to the plaintiff.
The allegation that the terms of the constructive trust were somehow extended beyond the two year term and at a different purchase price suffer from even greater vagaries that the proof with respect to the alleged original trust. If any such extended agreement had been agreed to at an alleged purchase price of $210,000, why was the agreement not reduced to writing specifying the terms and conditions of said sale including the closing date, particularly since a distress sale no longer loomed and no other emergent circumstances existed which would have prevented a written memorialization of the agreement? It should be noted that later during this time frame the defendants specifically refused to execute such a purchase and sales agreement which had been presented by the plaintiff. Moreover, the majority of the improvements that the plaintiff made to the property were made subsequent to defendants' rejection of the proposed written agreement. This suggests to the court that the improvements were made by plaintiff to bolster his allegation, rater than in reliance on an oral agreement that had truly been formed by the parties. In fact, the court finds that it is more likely than not that the parties never consummated such an agreement — certainly not in writing and most likely not orally as well, instead continuing on a course of "agreeing to agree" which was characteristic of their conduct throughout this saga. Defendant William Connor's conduct may be questioned ethically, but it is not legally actionable.
The evidence, when evaluated in its entirety, suggests something other than what the plaintiff alleges. The court finds that the plaintiff did in fact solicit defendant William Connor to purchase the property at foreclosure. Regrettably, however, for the plaintiff, the court also finds that a repurchase agreement had never been reached by the parties. The court finds specifically that the parties in fact never reached any such agreement — both as to plaintiff and defendant William Connor and also as to plaintiff and defendant Sherry Connor with respect to whom there is not one scintilla of evidence that even negotiations with respect to any such agreement were undertaken.
It should also be noted that there is no evidence of record that the defendants obtained the property at a price other than what it would have sold for but for plaintiff's successful efforts to have defendant Connor participate in bidding on and purchasing the property at foreclosure. In short there is no reliable evidence that the foreclosure sale was not a fair sale.
In summary, plaintiff has failed to demonstrate any enforceable agreement with defendants that would warrant the imposition of a constructive trust. If there were such an agreement it would have to contain sufficient specificity as to terms and conditions so that the court could accordingly effectuate the conveyance. Clark, supra. The court, having found that there is no such agreement, finds for the defendants. The court would further note that this decision is not dispositive of claims, if any, the plaintiff has for unjust enrichment as it relates to any improvements made by plaintiff to the property.
Judgment shall enter for the defendants.